# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>NOOR ALDIEN ALABED and<br>ASSIM ALABED,<br><br>Defendants. | CRIMINAL ACTION FILE<br><br>NO. 1:19-CR-089-MHC-JSA |

# ORDER

This action comes before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Justin S. Anand [Doc. 73] recommending that Defendants' Motions to Dismiss Indictment [Docs. 42, 63] be denied. The Order for Service of the R&R [Doc. 74] provided notice that, in accordance with 28 U.S.C. § 636(b)(1), the parties were authorized to file objections within fourteen (14) days of the receipt of that Order. Within the time permitted, Defendant Noor Aldien Alabed filed objections to the R&R ("Def's Objs.") [Doc. 77]. No other objections have been filed.

I. **LEGAL STANDARD**

In reviewing a Magistrate Judge's R&R, the district court "shall make a de novo determination of those portions of the report or specified proposed findings

or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." United States v. Schultz, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988)). If there are no specific objections to factual findings made by the Magistrate Judge, there is no requirement that those findings be reviewed *de novo*. Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993) (citations omitted). Absent objection, the district court judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1), and may accept the recommendation if it is not clearly erroneous or contrary to the law. FED. R. CRIM. P. 59(a). In accordance with 28 U.S.C. § 636(b)(1) and Rule 59 of the Federal Rules of Criminal Procedure, the Court has conducted a *de novo* review of those portions of the R&R to which Defendant Noor Alabed objects and has reviewed the remainder of the R&R for plain error. See United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

## II. DISCUSSION

The two-count Indictment in this case charges Defendants with a money laundering conspiracy, in violation of 18 U.S.C. § 1956(h) (Count One), and a wire fraud conspiracy, in violation of 18 U.S.C. § 1349 (Count Two). Criminal Indictment [Doc. 15]. Count One alleges that Defendants operated a scheme to launder and monetize financial payment cards (known as "gift cards") that previously had been obtained through fraudulent means, including the hacking of the gift card providers' computer networks, by other alleged criminals. Id. ¶¶ 2, 12, 14. Count One alleges that Defendants used Bitcoin cryptocurrency and other means to purchase the unlawfully obtained gift cards at below their stored value and then use them to purchase electronics and other consumer products from online retailers. Id. ¶¶ 16-17. Count One further alleges that Defendants then re-sold the products, often at artificially low prices, to legitimate buyers through Defendants' third-party marketplace stores. Id. ¶ 17. There are a variety of techniques alleged to have been used by Defendants to carry out their scheme, including: (1) purchasing products from Defendants' own online stores using the fraudulently obtained gift cards and fake names and addresses to conceal their fraud; (2) re-selling the fraudulently obtained gift cards online at prices lower than their stored value but higher than what Defendants purchased them for; and

(3) seeking refunds from retailers for products purchased with the fraudulently obtained gift cards, often obtaining new gift cards that were no longer associated with criminal activity. Id. ¶¶ 18-20. Defendants also are alleged to have engaged in deceptive conduct in order to circumvent the fraud detection systems of third-party marketplace platforms to conceal the illegal source of the gift cards. Id. ¶¶ 22-24.

Count Two charges Defendants with conspiracy to commit mail fraud by conducting a scheme to defraud others by use of wire communications in interstate and foreign commerce. Id. ¶ 25. The scheme includes the purchase and use of the fraudulently obtained gift cards also referenced in Count One, based on Defendants' use of interstate wire communications to be transmitted when they purchased the consumer products online. Id. ¶¶ 27-29.

Defendant Noor Alabed filed his Motion to Dismiss Indictment, later adopted by Defendant Assim Alabed, contending that because the wire fraud conspiracy alleges, in part, the same conduct as that of the money laundering scheme, the offenses "merge" and the portion of the money laundering scheme that is identical to the wire fraud scheme must be dismissed. Mot. to Dismiss [Doc. 46]. Defendants relied on United States v. Christo, 129 F.3d 578 (11th Cir. 1997), where the defendant, Maulden, was convicted after a jury trial for both bank

fraud and money laundering, and Maulden asserted that insufficient evidence supported the money laundering conviction because no proof was presented of an independent criminal transaction separate from the bank fraud offense. The Eleventh Circuit reversed the money laundering convictions, holding as follows:

> Viewing the evidence in the light most favorable to the government, we conclude that these facts are insufficient to establish that Maulden engaged in a monetary transaction that was separate from and in addition to the underlying criminal activity. The check kite did not deprive the bank of anything, nor did Maulden unlawfully obtain something from the bank, until Bay Bank disgorged its funds by the payment of the check to SouthTrust Bank. Thus, the withdrawal of funds charged as money laundering was one and the same as the underlying criminal activity of bank fraud and misapplication of bank funds. We do not accept that money laundering is inherent in bank fraud or misapplication of funds.
>
> ***
>
> In our case, the victim bank, that is, Bay Bank, lost nothing through fraud until it paid the check written on its account to SouthTrust. And the funds paid by Bay Bank to SouthTrust were not used again by Defendants (which would be the step necessary to constitute money laundering). Furthermore, this loss of funds by payment to SouthTrust was a necessary element to complete the bank fraud and misapplication of bank funds crimes. More specifically, the crimes of bank fraud and misapplication of bank funds were, until then, incomplete and had generated no proceeds to be laundered.

Id., 129 F.3d at 580-81 (footnote omitted). The Magistrate Judge rejected Defendants' attempted analogy to Christo, stating as follows:

> This Indictment, however, is not guilty of a Christo problem. The wire fraud scheme in the Indictment is unrelated to the previous, underlying criminal activity that generated the illegal gift cards. Indeed, the

5

> Indictment does not even purport to charge Defendants with involvement in any of the predicate elderly fraud schemes, business-to-business fraud schemes, or computer intrusion offenses that supposedly funded these cards. See Indictment ¶¶ 13-15. Rather, the Indictment alleges that *other* unspecified criminals engaged in these schemes and fraudulently obtained gift cards funded by victims, before the Defendants acquired those cards. Importantly, therefore, the money laundering scheme alleged in Count One is *not* predicated on the laundering of proceeds of the wire fraud scheme in Count Two. In other words, the money laundering count properly charges that Defendants engaged in financial transactions that were "separate from and in addition to the underlying criminal activity." Christo, 129 F.3d at 580. Thus, the Indictment fully complies with the temporal principles established by Christo and Defendant's other cases, that is, that "the underlying criminal activity must be complete before money laundering can occur." Id. at 580.

R&R at 4-5.

In Noor Alabed's objections to the R&R, he does not dispute the Magistrate Judge's distinction between Christo and this case and, in fact, cites no case authority whatsoever. He now asserts that "the conduct in the wire fraud conspiracy is not relevant to the money laundering conspiracy charge because the conspiracy to money launder ends when allegedly the defendants buy the fraudulently procured gift cards" and that certain paragraphs contained in Count One which "are about conduct that allegedly occurred after the supposed money laundering is complete" should be "stricken from the indictment as surplusage." Def.'s Objs. at 3-5. Indeed, Noor Alabed appears to be making a different argument than originally presented to the Magistrate Judge in his Motion to

6

Dismiss. See R&R at 6 ("Defendants have raised no argument to dismiss [on grounds of multiplicity]."). Although the Court has discretion to decline to consider an argument not first presented to the Magistrate Judge, Williams v. McNeil, 557 F.3d 1287, 1290-92 (11th Cir. 2009), the Court has considered this "revised" argument and rejects it.

"A motion to strike surplusage from an indictment should not be granted unless it is clear that the allegations are not relevant to the charge and are inflammatory and prejudicial. . . . [T]his is a most exacting standard." United States v. Awan, 966 F.2d 1415, 1426 (11th Cir. 1992) (citations and internal quotation marks omitted); see also United States v. Bullock, 451 F.2d 884, 888 (11th Cir. 1981) (noting that the standard is "exacting"). Noor Alabed has failed to show that the allegations he now moves to strike as surplusage are not relevant to the indictment and, even though there is overlap between the conduct charged in Counts One and Two of the Indictment, he also has not demonstrated how these allegations are inflammatory or prejudicial.

In addition, there is no multiplicity where each offense requires proof of different facts. Blockburger v. United States, 284 U.S. 299, 304 (1932). For example, in United States v. Gregg, 179 F.3d 1312, 1315 (11th Cir. 1999), the Eleventh Circuit rejected a defendant's claim that he could not be charged with

7

both bank fraud based on a scheme to get funds into his account and money laundering for his withdrawal of funds from the account. As stated by the Magistrate Judge, the crimes charged in Counts One and Two require proof of unique and different elements. R&R at 7. The fact that some of the facts contained in both counts overlap is not a ground for dismissal of a portion of the indictment.

## III. CONCLUSION

Accordingly, after a *de novo* review of those portions of the R&R to which Defendant Noor Alabed objects, the Court **OVERRULES** his objections [Doc. 77]. Finding no clear error in the remaining portions of the R&R, the Court **ADOPTS** the R&R [Doc. 73] as the Opinion and Order of the Court.

It is hereby **ORDERED** that Defendants' Motions to Dismiss Indictment [Docs. 42, 63] are **DENIED**.

It is further **ORDERED** that the time between the date the Magistrate Judge certified Defendants ready for trial on December 4, 2019, and the issuance of this Order, shall be excluded in calculating the date on which the trial of this case must commence under the Speedy Trial Act because the Court finds that the delay is for good cause, and the interests of justice in considering Defendant Noor Alabed's

objections to the R&R outweigh the right of the public and the right of the defendant to a speedy trial, pursuant to 18 U.S.C. § 3161, *et seq*.

**IT IS SO ORDERED** this 9th day of January, 2020.

_____
MARK H. COHEN
United States District Judge